IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BROCK ANAKALEA,<br><br>Petitioner,<br><br>vs.<br><br>STATE OF HAWAII,<br><br>Respondent. | CIVIL NO. 21-00017 JAO-RT<br><br>ORDER REMANDING CASE |

**ORDER REMANDING CASE**

Brock Anakalea ("Anakalea"), proceeding pro se, removed a Hawaiʻi state court criminal prosecution from the District Court of the Fifth Circuit, State of Hawaiʻi, to the U.S. District Court for the District of Hawaii pursuant to 28 U.S.C. §§ 1331 and 1455. Because it clearly appears that removal should not be permitted, *see* 28 U.S.C. § 1455(b)(4),[1] the Court summarily REMANDS this case to state court.

DISCUSSION

Anakalea alleges that on October 1, 2020, he received a citation from the State of Hawaiʻi Department of Land and Natural Resources for criminal trespass

---

[1] When a notice of removal is filed, a district court "shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

in the second degree. ECF No. 1 at 3. He argues that removal is proper under 28 U.S.C. §§ 1331 and 1455 because federal statues and treaties are implicated and he is a Hawaiian (foreign) national, not a U.S. citizen. *Id.* at 3–4.

Section 1455(a) authorizes a defendant in a criminal prosecution from a state court to "file in the district court of the United States for the district and division within which such prosecution is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."[2] 28 U.S.C. § 1455(a). "Removal . . . statutes are 'strictly construed,' and a 'defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability.'" *Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014) (quoting *Luther v. Countrywide Home Loans Serv. LP*, 533 F.3d 1031, 1034 (9th Cir. 2008)); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles*, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)) ("The 'strong presumption against removal jurisdiction means that the defendant always has the burden of

---

[2] Anakalea has not filed all process, pleadings, and orders served upon him, as required by § 1455(a). Insofar as the Court limits its review to the face of the Notice of Removal and any exhibits attached thereto, 28 U.S.C. § 1455(b)(4), the Court need not conduct independent research to ascertain the status of Anakalea's state criminal proceedings.

2

establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court."); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

Section 1455(b) imposes two requirements on defendants removing criminal prosecutions:

> (1) A notice of removal of a criminal prosecution shall be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.
>
> (2) A notice of removal of a criminal prosecution shall include all grounds for such removal. A failure to state grounds that exist at the time of the filing of the notice shall constitute a waiver of such grounds, and a second notice may be filed only on grounds not existing at the time of the original notice. For good cause shown, the United States district court may grant relief from the limitations of this paragraph.

28 U.S.C. § 1455(b)(1)–(2).

Anakalea's deadline to remove expired 30 days after arraignment in state court. He asserts that he was arraigned on December 9, 2020. Therefore, it appears that the removal is timely. The Court nevertheless remands this case because Anakalea has not articulated legitimate grounds for removal, as required by § 1455(b)(2).

Anakalea relies on § 1331[3] and a host of federal statutes and treaties but they do not entitle him to removal. State court criminal prosecutions may only be removed to federal courts in limited circumstances. Three provisions, none of which Anakalea cites, authorize the removal of such actions: 28 U.S.C. § 1442 ("Federal Officers or Agencies Sued or Prosecuted"), § 1442a ("Members of Armed Forces Sued or Prosecuted"), and § 1443 ("Civil Rights Cases"). Sections 1442 and 1442a are inapplicable because Anakalea does not allege that he is a federal officer or a member of the armed forces who is being prosecuted for an act done under color of the office. Nor does Anakalea cite § 1443 or claim that his prosecution is:

> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

Had he relied on § 1443(1), Anakalea would be required to satisfy two criteria. *See Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006). First, he

---

[3] Section 1331 applies to *civil* actions. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

"must assert, as a defense to the prosecution, rights that are given to [him] by explicit statutory enactment protecting equal racial civil rights." *Id.* (citing *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970)).  "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination" do not suffice.  *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975).  Second, he "must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Patel*, 446 F.3d at 999 (citation omitted).

Here, Anakalea has not alleged a defense to the underlying criminal citation arising from statutory enactments protecting equal racial civil rights.[4]  And he has not pointed to any "formal expression of state law that prohibits [him] from enforcing [his] civil rights in state court nor do[es] [he] point to anything that suggests that the state court would not enforce [his] civil rights in the state court proceedings." *Id.*

Section 1443(2) is likewise unavailable to Anakalea because it applies "only to federal officers and to persons assisting such officers in the performance of their

---

[4] His claim of Hawaiian nationality (and corresponding disassociation with the United States) does not satisfy the first criteria.

5

official duties" and to state officers.  *City of Greenwood v. Peacock,* 384 U.S. 808, 815, 824 n.22 (1966).  Accordingly, Anakalea failed to comply with § 1455 or establish a basis for removal[5] and summary remand is appropriate.  *See* 28 U.S.C. § 1455(b)(4).

## CONCLUSION

In accordance with the foregoing, the Court REMANDS this case to the District Court of the Fifth Circuit, State of Hawai'i.

IT IS SO ORDERED.

DATED:   Honolulu, Hawai'i, January 26, 2021.



Jill A. Otake
United States District Judge

Civil No. 21-000017 JAO-RT, *Anakalea v. Hawaii*; ORDER REMANDING CASE

---

[5] Anakalea could not cure the defects, having waived the grounds for removal discussed herein by failing to assert them.  *See* 28 U.S.C. § 1455(b)(2).